THOMAS E. FRANKOVICH (State Bar No. 074414)
***THE FRANKOVICH GROUP,***
**A Professional Law Corporation**
1165 Hoff Way, #203
Orland, CA 95963
Phone (415) 389-8600
Email: tfrankovich@disabilitieslaw.com

Attorneys for Plaintiff
BYRON CHAPMAN, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN | **CASE NO. 5:16-cv-02893-EJD** |
| Plaintiff, | **AMENDED PLAINTIFF'S  PROPOSED JURY INSTRUCTIONS** |
| v. | |
| MUNDO'S CAFE; NJ PROPERTIES, INC; FERNANDO MUNDO dba MUNDO'S CAFÉ; and ELI MUNDO dba MUNDO'S CAFE | |
| Defendants. | |

The parties to the above-captioned action jointly submit these Proposed Jury Instructions.

| # | Authority | Title |
|---|---|---|
| 1 | Ninth Circuit Model Jury Instructions 1.2 | Claims and Defenses: |
| 2 | 42 U.S.C. §12101 et seq. | Passage of ADA |
| 3 | 42 U.S.C. §12101 | Purpose of ADA |
| 4 | 42 U.S.C. §12101 | Findings for ADA |

| 5 | Civ. Code § 51 | Unruh Civil Rights Act - Civ. Code § 51 |
|---|---|---|
| 6 | Civ. Code § 52; Munson v. Del Taco, Inc. 46 Cal.4th 661 (June 1, 2009) | Unruh Civil Rights Act - Liability |
| 7 | 42 U.S.C. 12182(a); Civ. Code §§ 51, 54 and 54.1 | Prohibition Against Discrimination |
| 8 | Bay Area Gov'ts, 996 F.Supp. 962, 965 (N.D. Cal. 1998) | ELEMENTS OF PLAINTIFF'S CLAIMS |
| 9 | 42 U.S.C. 12182(b)(2)(A)(iv); 28 C.F.R. §36.304 | Removal Of Architectural Barriers |
| 10 | 42 U.S.C. 12181(9); 28 C.F.R. § 36.304 | Readily Achievable |
| 11 | 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. §36.304; First Bank Nat. Ass'n v. F.D.I.C, 79 F.3d 362, 371 (3rd Cir. 1996) | Continuing Duty To Identify and Remove Architectural Barriers |
| 12 | 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(b); Botosan v. Paul McNally Realty, 216 F.3d 827, 833-34 (9th Cir. 2000) | Landlord & Tenant Liability |
| 13 | Ninth Circuit Model Jury Instructions 5.1 | DAMAGES—PROOF |
| 14 | Cal. Civ. Code sec. 52(a) | Cal. Civ. Code sec. 52(a) |
| 15 | CAL. CIV CODE sec. 51 and 52 | Doubling or Tripling Damages |
| 16 | 42 U.S.C. §12102(2) - Definition of Disability; 28 C.F.R. §36.104 - Definitions | DEFINITION OF DISABILITY |
| 17 | 28 C.F.R. §36.301, "Definitions" -- Americans with Disabilities Act of 1990, 42 U.S.C. 12181(7)(B); Public | DEFINITION - PUBLIC ACCOMMODATION |

|    | Accommodation | |
|----|---------------|---|
| 18 | Americans with Disabilities Act Technical Assistance Manual III 4.4100 | Definition – Architectural Barrier |
| 19 | <u>Doran v. Embassy Suites</u>, USDC, N.D. Ca. Case No. C-02-1961. | Definition of Each and Every Offense |
| 20 | 2010 ADA STANDARDS; §206-§206.2.2, §403-§403.4 | Accessible route, path of travel |
| 21 | 2010 ADA STANDARDS: §502-502.6, CBC 2016: §11B-502.6.1-502.6.4.2 | Accessible parking and signage |
| 22 | 2010 ADA STANDARDS: §206.4 – §206.4.3, §402-403.4 | Accessible entrance |
| 23 | 2010 ADA STANDARDS: §226.1, §305, §306, §902-§902.3 | 5% accessible dining area |
| 24 | 2010 ADA STANDARDS: §902.3, §904.4 | Height of Service Counter |
| 25 | 2010 ADA STANDARDS: §404.2.10(4) | Door surface |
| 26 | 26 Internal Revenue Code section 44 | Tax credit available for disability access barrier removal |
| 27 | Cal. Civil Code sec 55.56 | Criteria for recovery of damages |
| 28 | Cal. Civil Code sec 52 (a) | Actual damages is what a jury would award for a person who suffers pain, suffering, emotional distress, difficulty, discomfort, and embarrassment.  The jury makes a monetary assessment for this. |

# PROPOSED JURY INSTRUCTION NO. 1

Given as Requested    _____

Refused                     _____

Withdrawn               _____

Given as Modified      _____

Authorities:              Ninth Circuit Model Jury Instructions 1.2

<u>Honorable Edward J. Davila</u>

Judge

-----------------------------------------------------------------------------------------------------------

## <u>Claims and Defenses:</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:  The plaintiff claims that:

(1) He encountered architectural barriers at the Mundo's Cafe;

(2) Which denied him the full and equal access to participate in the goods and services as the non-disabled customers;

(3) This was the result of encountering architectural barriers;

(4) In this incident, it was the lack of handicap accessible van parking, lack of ISA parking signage, an accessible path of travel from the public sidewalk, an accessible entrance, lack of accessible 5% dining area and lack of an accessible service counter.

Plaintiff has the burden of proving that:

(1) he is a person with disabilities;

(2) he encountered architectural barriers;

(3) he suffered an adverse experience due to the architectural barriers;

(4) it is/was readily achievable for the landlord or tenant to remove the

architectural barriers;

(5) he suffered damages.

The plaintiff has the burden of proving these claims.  The defendant denies those claims.

.

**PROPOSED JURY INSTRUCTION NO. 2**

Given as Requested    _____ __ _

Refused    _____

Withdrawn    _____

Given as Modified    _____

Authorities:    42 U.S.C. §12102

<u>Honorable Edward J. Davila</u>

Judge

## <u>Passage of Americans with Disabilities Act</u>

The Americans with Disabilities Act of 1990 was passed on July 26, 1990.

## PROPOSED JURY INSTRUCTION NO. 3

Given as Requested       _____

Refused       _____

Withdrawn       _____

Given as Modified       _____

Authorities:       42 U.S.C. §12101


<u>Honorable Edward J. Davila</u>

Judge

---

## <u>Purpose of Americans with Disabilities Act</u>

Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

# PROPOSED JURY INSTRUCTION NO. 4

Given as Requested    _____

Refused    _____

Withdrawn    _____

Given as Modified    _____

Authorities:      42 U.S.C. §12101

<u>Honorable Edward J. Davila</u>

Judge

---

## <u>Findings for Americans with Disabilities Act</u>

Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect: some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

## PROPOSED JURY INSTRUCTION NO. 5

Given as Requested      _____

Refused                        _____

Withdrawn                   _____

Given as Modified        _____

Authorities:              Civ. Code § 51


Honorable Edward J. Davila

Judge

## Unruh Civil Rights Act - Civ. Code § 51

The Unruh Civil Rights Act states that all persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of the Unruh Civil Rights Act.

## PROPOSED JURY INSTRUCTION NO. 6

Given as Requested   _____

Refused   _____

Withdrawn   _____

Given as Modified   _____

Authorities:   Civ. Code § 52; <u>Munson v. Del Taco, Inc.</u> 46 Cal.4th 661 (June 1, 2009)

<u>Honorable Edward J. Davila</u>

Judge

-------------------------------------------------------------------------------------------------------------

### <u>Unruh Civil Rights Act - Liability</u>

If you decide that the defendants discriminated against the plaintiff by failing to remove architectural barriers at the Mundo's Cafe, then the plaintiff can recover damages under the Unruh Civil Rights Act regardless of whether or not the defendant intended to maintain the Mundo's Cafe in its inaccessible condition at the time plaintiff Byron Chapman visited the restaurant.

## PROPOSED JURY INSTRUCTION NO. 7

Given as Requested      _____

Refused                        _____

Withdrawn                   _____

Given as Modified        _____

Authorities:                 42 U.S.C. 12182(a); Civ. Code §§ 51, 54 and 54.1

<u>Honorable Edward J. Davila</u>

Judge

--------------------------------------------------------------------------------------------------------------

## <u>Prohibition Against Discrimination</u>

Pursuant to the Americans with Disabilities Act and the Unruh Civil Rights Act, no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation.

**PROPOSED JURY INSTRUCTION NO. 8**

Given as Requested     _____

Refused     _____

Withdrawn     _____

Given as Modified     _____

Authorities:     <u>Dunlap v. Ass'n of Bay Area Gov'ts</u>, 996 F.Supp. 962, 965 (N.D. Cal. 1998) Cal. Civil Code 55.56

<u>Honorable Edward J. Davila</u>

Judge

----------------------------------------------------------------------------------------------------

### <u>ELEMENTS OF PLAINTIFF'S CLAIMS</u>

To prevail, plaintiff must establish that:

(1) he is disabled within the meaning of the Americans with Disabilities Act;

(2) defendant NJ PROPERTIES INC owns and/or operates a place of public accommodation;

(3) that plaintiff encountered architectural barriers;

(4) that it is readily achievable for defendants to remove the architectural barriers;

(5) that plaintiff suffered an adverse experience due to encountering the architectural barriers and as a legal result plaintiff encountered architectural barriers and plaintiff experienced one or a combination of difficulty, discomfort, embarrassment;

(6) plaintiff suffered damages as a result of defendants' failure to remove the architectural barriers.

# PROPOSED JURY INSTRUCTION NO. 9

Given as Requested      _____

Refused                 _____

Withdrawn               _____

Given as Modified       _____

Authorities:            42 U.S.C. 12182(b)(2)(A)(iv); 28 C.F.R. §36.304

                        2010 ADA STANDARDS (2010 ADAS)


<u>Honorable Edward J. Davila</u>

Judge

-------------------------------------------------------------------------------------------------------

## <u>Removal of Architectural Barriers</u>

It is a denial of access to a place of public - accommodation, and thus discrimination under the law, if a public accommodation fails to remove architectural barriers in existing facilities, where such removal is readily achievable.

An architectural barrier is any element of the public accommodation which does not comply with the building standards set-forth in the Americans with Disabilities Act 2010 ADA STANDARDS (2010 ADAS)

## PROPOSED JURY INSTRUCTION NO. 10

Given as Requested     _____

Refused     _____

Withdrawn     _____

Given as Modified     _____

Authorities:        42 U.S.C. 12181(9); 28 C.F.R. § 36.104


<u>Honorable Edward J. Davila</u>

Judge

----------------------------------------------------------------------------------------------------------------

### <u>Readily Achievable</u>

The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense.  In determining whether an action is readily achievable, factors to be considered include the nature and cost of the action needed and the overall financial resources of the facility or facilities involved in the action.  Examples of steps to remove barriers include, but are not limited to, the following actions:

(1) Installing ramps;

(2) Making curb cuts in sidewalks and entrances;

(3) Repositioning shelves;

(4) Rearranging tables, chairs, vending machines, display racks, and other furniture;

(5) Repositioning telephones;

(6) Adding raised markings on elevator control buttons;

(7) Installing flashing alarm lights;

(8) Widening doors;

(9) Installing offset hinges to widen doorways;

(10) Eliminating a turnstile or providing an alternative accessible path;

(11) Installing accessible door hardware;

(12) Installing grab bars in toilet stalls;

(13) Rearranging toilet partitions to increase maneuvering space;

(14) Insulating lavatory pipes under sinks to prevent burns;

(15) Installing a raised toilet seat;

(16) Installing a full-length bathroom mirror;

(17) Repositioning the paper towel dispenser in a bathroom;

(18) Creating designated accessible parking spaces;

(19) Installing an accessible paper cup dispenser at an existing inaccessible water fountain;

(20) Removing high pile, low density carpeting; or

(21) Installing vehicle hand controls.

## PROPOSED JURY INSTRUCTION NO. 11

Given as Requested      _____

Refused                       _____

Withdrawn                  _____

Given as Modified        _____

Authorities:   42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. §36.304; <u>First Bank Nat. Ass'n v. F.D.I.C</u>, 79 F.3d 362, 371 (3rd Cir. 1996)


<u>Honorable Edward J. Davila</u>

Judge

---

### <u>Continuing Duty To Identify and Remove Architectural Barriers</u>

Under the law, public accommodations have an on-going, continuing duty to identify and remove architectural barriers to access.  Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances.

**PROPOSED JURY INSTRUCTION NO. 12**

Given as Requested    _____

Refused                      _____

Withdrawn               _____

Given as Modified     _____

Authorities:           42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(b); <u>Botosan v. Paul McNally</u> <u>Realty</u>, 216 F.3d 827, 833-34 (9th Cir. 2000)

<u>Honorable Edward J. Davila</u>

Judge

---

## <u>Landlord & Tenant Liability</u>

Under the law, both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are subject to the Americans with Disabilities Act, and the Unruh Civil Rights Act.  The landlord and the tenant are considered jointly and severally liable for violations of the law which occur at the public accommodation, regardless of any contractual or lease terms which may exist between them.

## PROPOSED JURY INSTRUCTION NO. 13

Given as Requested   _____

Refused   _____

Withdrawn   _____

Given as Modified   _____

Authorities:      Ninth Circuit Model Jury Instructions 5.1

Cal Civil Code 55.56

<u>Honorable Edward J. Davila</u>

Judge

## <u>DAMAGES—PROOF</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.  If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following: In determining damages, you should consider:

- The difficulty or inability experienced in accessing an element (i.e. no accessible parking, 6" step at the entrance, dining area, service counter) of the public accommodation.

- Embarrassment personally experienced when encountering an architectural barrier in not overcoming it or having difficulty overcoming it.

-   Discomfort personally experienced when encountering an architectural barrier in not overcoming it or having difficulty or discomfort overcoming it.

-   The denial of the Equal Opportunity afforded to the non disabled to experience the service and goods provided (i.e. Entry, usable dining table, service counter).

-   Stress and/or strain experienced in attempting to, or overcoming, an architectural barrier

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## PROPOSED JURY INSTRUCTION NO. 14

Given as Requested     _____

Refused     _____

Withdrawn     _____

Given as Modified     _____

Authorities:     Cal. Civ. Code sec. 52(a)


-     <u>Honorable Edward J. Davila</u>

Judge

---

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage.

## PROPOSED JURY INSTRUCTION NO. 15

Given as Requested    _____

Refused    _____

Withdrawn    _____

Given as Modified    _____

Authorities:    Cal. Civ. Code sec. 51 and 52

<u>Honorable Edward J. Davila</u>

Judge

## **<u>Doubling or Tripling Damages</u>**

At your discretion, you may double or triple damages as a penalty for the failure to identify and remove architectural barriers in a timely manner. In considering this, you may take into account, but are not limited to consider:

- The length of time an architectural barrier existed before it/they were removed or ordered removed by the court;

- The difficulty, if any, in removing an architectural barrier;

- The cost, if any, in removal of each architectural barrier;

- The failure to identify and remove an architectural barrier in a timely manner.

## PROPOSED JURY INSTRUCTION NO. 16

Given as Requested   _____

Refused   _____

Withdrawn   _____

Given as Modified   _____

Authorities:   42 U.S.C. §12102(2) - Definition of Disability; 28 C.F.R. §36.104 - Definitions

<u>Honorable Edward J. Davila</u>

Judge

---------------------------------------------------------------------------------------------------------------

## <u>DEFINITION OF DISABILITY</u>

Disability means, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment.

The phrase major life activities means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

# PROPOSED JURY INSTRUCTION NO. 17

Given as Requested     _____

Refused     _____

Withdrawn     _____

Given as Modified     _____

Authorities:     28 C.F.R. §36.301, "Definitions" -- Americans with Disabilities Act of 1990, 42 U.S.C. 12181(7)(B); Public Accommodation

<u>Honorable Edward J. Davila</u>

Judge

---

## DEFINITION - PUBLIC ACCOMMODATION

A private entity such as a restaurant, bar or other establishment serving food or drink is considered a public accommodation for purposes of the Americans with Disabilities Act, if the operations of such affect commerce.

## PROPOSED JURY INSTRUCTION NO. 18

Given as Requested    _____

Refused                     _____

Withdrawn                _____

Given as Modified      _____

Authorities:               Americans with Disabilities Act Technical Assistance Manual III 4.4100


<u>Honorable Edward J. Davila</u>

Judge

-------------------------------------------------------------------------------------

## <u>**Definition – Architectural Barrier**</u>

Architectural barriers are physical elements of a facility that impede access by people with disabilities. These barriers include more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.  In many facilities, telephones, drinking fountains, mirrors, and paper towel dispensers are mounted at a height that makes them inaccessible to people using wheelchairs. Conventional doorknobs and operating controls may impede access by people who have limited manual dexterity. Deep pile carpeting on floors and unpaved exterior ground surfaces often are a barrier to access by people who use wheelchairs and people who use other mobility aids, such as crutches. Impediments caused by the location of temporary or movable structures, such as furniture, equipment, and display racks, are also considered architectural barriers.

## PROPOSED JURY INSTRUCTION NO. 19

Given as Requested   _____

Refused   _____

Withdrawn   _____

Given as Modified   _____

Authorities:   <u>Doran v. Embassy Suites</u>, USDC, N.D. Ca.. Case No. C-02-1961.


 Honorable Edward J. Davila

Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### <u>Definition of Each and Every Offense</u>

The Unruh Civil Rights Act state that plaintiff shall recover damages for "each and every offense" of the law.  The term "each and every offense" refers to each architectural barrier found to exist at the Mundo's Cafe which should have been removed by defendant NJ PROPERTIES INC

**PROPOSED JURY INSTRUCTION NO. 20**

Given as Requested     _____

Refused                _____

Withdrawn              _____

Given as Modified      _____

Authorities:           2010 ADA STANDARDS (2010 ADAS)
                       §206-§206.2.2, §403-§403.4


Honorable Edward J. Davila

Judge

--------------------------------------------------------------------------------

### Accessible Path of Travel

Accessible paths/routes of travel shall be provided  from public sidewalks, parking areas to the entrance of the facility being served. The floor or ground shall be firm and slip resistant.

## PROPOSED JURY INSTRUCTION NO. 21

Given as Requested _____  __  _

Refused _____

Withdrawn _____

Given as Modified _____

Authorities:  2010 ADA STANDARDS (2010 ADAS)
§502-502.6, CBC 2016: §11B-502.6.1-502.6.4.2


<u>Honorable Edward J. Davila</u>

Judge

--------------------------------------------------------------------------

### <u>Accessible Parking</u>

Parking facilities shall provide handicap accessible parking spaces, with a minimum of one van accessible parking stall for every six accessible parking spaces provided.  Accessible parking spaces shall have the required accompanying signage.

## PROPOSED JURY INSTRUCTION NO. 22

Given as Requested         _____ __ _

Refused                              _____

Withdrawn                        _____

Given as Modified            _____

Authorities:              2010 ADA STANDARDS (2010 ADAS)
                          §206.4 – §206.4.3, §402-403.4


                              Honorable Edward J. Davila

                                      Judge

---

## Accessible Entrance

Accessible entrances shall be provided at public facilities. Changes in level exceeding ¾"

in height shall  require a ramp with slopes not exceeding 8.3%..

## PROPOSED JURY INSTRUCTION NO. 23

Given as Requested  _____

Refused  _____

Withdrawn  _____

Given as Modified  _____

Authorities:  2010 ADA STANDARDS (2010 ADAS)
§226.1, §305, §306, §902-§902.3


<u>Honorable Edward J. Davila</u>

Judge

---

### <u>5% Accessible Dining Area</u>

Where fixed tables (or dining counters where food is consumed but there is no service) are provided, at least 5 percent, but not less than one, of the fixed tables (or a portion of the dining counter) shall be accessible.

## PROPOSED JURY INSTRUCTION NO. 24

Given as Requested   _____ __ _

Refused   _____

Withdrawn   _____

Given as Modified   _____

Authorities:    2010 ADA STANDARDS (2010 ADAS)
                §902.3, §904.4


<u>Honorable Edward J. Davila</u>

Judge

## **<u>Height of Service Counter</u>**

The tops of accessible tables and counters shall be from 28" to 34" above the finish floor or ground.

**PROPOSED JURY INSTRUCTION NO. 25**

Given as Requested    _____ __

Refused                      _____

Withdrawn                 _____

Given as Modified      _____

Authorities:              2010 ADA STANDARDS:
                                  §404.2.10(4)




Honorable Edward J. Davila

Judge

-----------------------------------------------------------------

### __Door Surface__

   The tops of accessible tables and counters shall be from 28" to 34" above the finish floor or ground.

## PROPOSED JURY INSTRUCTION NO. 26

Given as Requested       _____ __ _

Refused                  _____

Withdrawn                _____

Given as Modified        _____

Authorities:            26 Internal Revenue Code section 44


                                 <u>Honorable Edward J. Davila</u>

                                 Judge

---

### <u>Tax credit available for disability access barrier removal</u>

Under the Internal Revenue Code, businesses that gross less than $1 million per year and have 30 or fewer employees, may receive a tax credit of 50% of expenditures, between $250 to $10,250, that are used to provide disability access, per year. This means that a small business may receive a $5,000 tax credit annually to make disability access alteration (remove barriers).

**PROPOSED JURY INSTRUCTION NO. 27**

Given as Requested    _____

Refused            _____

Withdrawn          _____

Given as Modified   _____

Authorities:        California Civil Code sec 55.56

<u>Honorable Edward J. Davila</u>

Judge

---------------------------------------------------------------------------------------------------------------------

(a) Statutory damages under either subdivision (a) of

Section 52 or subdivision (a) of Section 54.3 may be recovered in a

construction-related accessibility claim against a place of public

accommodation only if a violation or violations of one or more

construction-related accessibility standards denied the plaintiff

full and equal access to the place of public accommodation on a

particular occasion.

 (b) A plaintiff is denied full and equal access only if the

plaintiff personally encountered the violation on a particular

occasion, or the plaintiff was deterred from accessing a place of

public accommodation on a particular occasion.

 (c) A violation personally encountered by a plaintiff may be

sufficient to cause a denial of full and equal access if the

plaintiff experienced difficulty, discomfort, or embarrassment

because of the violation.

 (d) A plaintiff demonstrates that he or she was deterred from

accessing a place of public accommodation on a particular occasion

only if both of the following apply:

 (1) The plaintiff had actual knowledge of a violation or

violations that prevented or reasonably dissuaded the plaintiff from

accessing a place of public accommodation that the plaintiff intended

to use on a particular occasion.

 (2) The violation or violations would have actually denied the

plaintiff full and equal access if the plaintiff had accessed the

place of public accommodation on that particular occasion.

(e) Statutory damages may be assessed pursuant to subdivision (a)

based on each particular occasion that the plaintiff was denied full

and equal access, and not upon the number of violations of

construction-related accessibility standards identified at the place

of public accommodation where the denial of full and equal access

occurred. If the place of public accommodation consists of distinct

facilities that offer distinct services, statutory damages may be

assessed based on each denial of full and equal access to the

distinct facility, and not upon the number of violations of

construction-related accessibility standards identified at the place

of public accommodation where the denial of full and equal access

occurred.

 (f) This section does not alter the applicable law for the

awarding of injunctive or other equitable relief for a violation or

violations of one or more construction-related accessibility

standards, nor alter any legal obligation of a party to mitigate

damages.

**PROPOSED JURY INSTRUCTION NO. 28**

Given as Requested    _____

Refused    _____

Withdrawn    _____

Given as Modified    _____

Authorities:    California Civil Code sec 52 (a)

<u>Honorable Edward J. Davila</u>

Judge

--------------------------------------------------------------------------------------------------------------

**<u>Actual Damages</u>**

A jury determines actual damages by awarding a monetary sum in its discretion for a person who suffered pain, and/or suffering a combination of difficulty, discomfort, embarrassment while encountering architectural barriers.

Respectfully submitted,

Dated: October 26, 2018                    THOMAS E. FRANKOVICH,
                                           *A PROFESSIONAL LAW CORPORATION*


By:_____ _____
          Thomas E. Frankovich
     Attorneys for Plaintiff  Byron Chapman