THOMAS E. FRANKOVICH (State Bar No. 074414)
**A Professional Law Corporation,**
1165 Hoff Way, #203
Orland, CA 95963
Phone (415) 389-8600
Email: tfrankovich@disabilitieslaw.com

Attorneys for Plaintiff
BYRON CHAPMAN, an individual

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN<br><br>    Plaintiff,<br><br>v.<br><br>MUNDO'S CAFE; NJ PROPERTIES, INC; FERNANDO MUNDO dba MUNDO'S CAFÉ; and ELI MUNDO dba MUNDO'S CAFE<br><br>    Defendants. | **CASE NO. 5:16-cv-02893-EJD**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITY RE: ACTUAL DAMAGES AND ARTICLE III STANDING** |

To the court and the party(s) through their respective attorneys at law:

Plaintiff has Article III Standing and shall seek Actual Damages.

**I.    ACTUAL DAMAGES:**

Plaintiff shall seek actual damages per Cal Civil Code 52 (a)

**II.    STANDING**:

(See Code of Federal Regulations 28, §36.304 regarding removal of barriers):

(a) General.  A public accommodation shall remove architectural barriers in existing

facilities, including communication barriers that are structural in nature, where

such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.

(b) Examples. Examples of steps to remove barriers include, but are not limited to, the following actions —

(1) Installing ramps;

(2) Making curb cuts in sidewalks and entrances;

(3) Repositioning shelves;

(4) Rearranging tables, chairs, vending machines, display racks, and other furniture;

(5) Repositioning telephones;

(6) Adding raised markings on elevator control buttons;

(7) Installing flashing alarm lights;

(8) Widening doors;

(9) Installing offset hinges to widen doorways;

(10) Eliminating a turnstile or providing an alternative accessible path;

(11) Installing accessible door hardware;

(12) Installing grab bars in toilet stalls;

(13) Rearranging toilet partitions to increase maneuvering space;

(14) Insulating lavatory pipes under sinks to prevent burns;

(15) Installing a raised toilet seat;

(16) Installing a full-length bathroom mirror;

(17) Repositioning the paper towel dispenser in a bathroom;

(18) Creating designated accessible parking spaces;

(19) Installing an accessible paper cup dispenser at an existing inaccessible water fountain;

(20) Removing high pile, low density carpeting; or

(21) Installing vehicle hand controls.

### III. STANDING:

As of October 27, 2018 the following architectural existed at Mundo's Cafe:

- **No** accessible route from the base of the ramp to the patio.
- **No** accessible route connecting Mundo's to the public sidewalk.
- **No** 5% accessible interior dining.
- **No** 5% accessible interior dining.
- **No** accessible service counter.
- **No** accessible entrance door (lacks 10" "kick plate" on push side of door).

Plaintiff has Article III Standing and therefore has a right to seek a court order requiring defendant to remove these architectural barriers.

Dated: October 27, 2018

Respectfully submitted,
THOMAS E. FRANKOVICH
*A PROFESSIONAL LAW CORPORATION*

By:  /s/ Thomas E. Frankovich
      Thomas E. Frankovich
Attorney for Plaintiff BYRON CHAPMAN

THOMAS E. FRANKOVICH (State Bar No. 074414)
**A Professional Law Corporation**
1165 Hoff Way, #203
Orland, CA 95963
Phone (415) 389-8600
Email: tfrankovich@disabilitieslaw.com

Attorneys for Plaintiff
BYRON CHAPMAN, an individual

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>        Plaintiff,<br><br>v.<br><br>MUNDO'S CAFE; NJ PROPERTIES, INC; FERNANDO MUNDO dba MUNDO'S CAFÉ; and ELI MUNDO dba MUNDO'S CAFE<br><br>        Defendants. | **CASE NO. 5:16-cv-02893-EJD**<br><br>**DECLARATION OF THOMAS E. FRANKOVICH** |

I, **THOMAS E. FRANKOVICH** attorney of record declare the following:

That I was informed by Plaintiff Byron Chapman that he was a guest at Mundo's Café on October 27, 2018 and that the following architectural barriers still exist.

- **No** accessible route from the base of the ramp to the patio.
- **No** accessible route connecting Mundo's to the public sidewalk.
- **No** 5% accessible interior dining.
- **No** 5% accessible interior dining.
- **No** accessible service counter.
- **No** accessible entrance door (lacks 10" "kick plate" on push side of door).

Declaration of Thomas E. Frankovich                                                                 5:16- cv-02893-EJD

1

|  |  |
|---|---|
| Dated: October 29, 2018 | Respectfully submitted,<br>THOMAS E. FRANKOVICH<br>*A PROFESSIONAL LAW CORPORATION*<br><br>By: /s/ Thomas E. Frankovich<br>     Thomas E. Frankovich<br>Attorney for Plaintiff BYRON CHAPMAN |