UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BYRON CHAPMAN,<br><br>   Plaintiff,<br><br>v.<br><br>NJ PROPERTIES INC.,<br><br>   Defendant. | Case No. 5:16-cv-02893-EJD<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 149 |

### I. INTRODUCTION

A few days before trial was scheduled to commence, Plaintiff and Defendant NJ Properties Inc. ("NJ Properties") reached a settlement. Dkt. No. 110. Presently before the court is Plaintiff's motion for attorney's fees and costs. Plaintiff requests fees and costs as follows: $89,475.00 in fees for counsel Thomas E. Frankovich; $15,190.00 in fees for counsel Amanda Lockhart; $619.50 in costs; $3435.92 in litigation expenses; and $9,225.00 in additional fees for preparing the reply to Defendant's opposition to the instant motion, for a total request of $117,945.42. For the reasons set forth below, the court will grant Plaintiff's motion in part.

### II. BACKGROUND

This is an action for discrimination based upon Defendants' alleged failure to comply with the Americans with Disability Act of 1990 (ADA), the Unruh Civil Rights Act, the California Health & Safety Code, and the California Disabled Persons Act, all of which relate to the denial of access to a place of public accommodation.

Plaintiff, a person with physical disabilities as defined by the applicable state and federal

law, visited Mundo's Café, a place of public accommodation located in Monterey, California, where he encountered architectural barriers to access. Defendant NJ Properties is alleged to be the owner of the subject property.

After the parties submitted their pretrial materials and the court had concluded the pretrial conference, Plaintiff and NJ Properties settled. The terms of the settlement were placed on the record. Plaintiff's counsel stated that the settlement was by and between Plaintiff and NJ Properties, Rakesh S. Panchal and Manisah R. Panchal, and covered all claims for equitable relief and monetary damages. Tr. 63. Plaintiff's counsel also stated that the settlement excluded attorney's fees and costs, "which will be subject to a fee application." Tr. 63. The settlement requires the remedial work and payments as follows:

> THE DEFENDANTS WILL PROVIDE 5 PERCENT DINING FACILITY, WHICH IS ONE TABLE THAT IS INTERIOR, ONE EXTERIOR TABLE, WHICH IS 5 PERCENT DINING REQUIREMENT;
>
> LOWER OF THE SERVICE COUNTERS TO 34 INCHES MEASURED FROM THE SURFACE OF THE FLOOR TO THE TOP OF THE COUNTER;
>
> THEY'LL INSTALL TWO 10 INCH KICK PLATES ON THE FRAMES OF THE METAL DOORS, ONE ON THE OUTSIDE AND ONE ON THE INSIDE; AND,
>
> THEY WILL PROVIDE AN ACCESSIBLE ROUTE OF TRAVEL FROM THE PUBLIC SIDEWALK TO THE BASE OF THE RAMP THAT LEADS INTO THE ENTRANCE INTO MUNDO'S CAFE.
>
> PART OF THAT ACCESSIBLE ROUTE WILL REQUIRE CONNECTING TO THE BASE OF THE RAMP. THAT WILL BE APPROXIMATELY 36 INCHES IN WIDTH OR WIDER.
>
> DOOR PRESSURE WILL BE REDUCED TO 5 POUNDS OR LESS. THE COMPLETION DATE WOULD BE ON OR BEFORE JUNE THE 15TH, 2019. THEY'LL ALSO PAY THE -- IN DAMAGES THE SUM OF $20,000; $5,000 TO BE PAID ON OR BEFORE DECEMBER THE 15TH, 2018.
>
> THE BALANCE OF $15,000 WILL BE SECURED BY A DEFAULT JUDGMENT WHICH WOULD NOT BE FILED UNLESS THERE IS A DEFAULT IN THE PAYMENTS.

Case No.: 5:16-cv-02893-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
2

> THE PAYMENTS WOULD BE 15 PAYMENTS COMMENCING ON JANUARY THE 15TH, 2019, FOR 15 STRAIGHT MONTHS.
>
> IN THE EVENT THAT THERE IS A DEFAULT IN PAYMENTS, THE DEFENDANT -- THE PARTIES WILL HAVE TEN DAYS IN WHICH TO CURE. NOTICE WILL BE SENT TO THEIR COUNSEL THAT THEY'RE IN DEFAULT.
>
> IF IN FACT THEY DEFAULT, THEN PLAINTIFF MAY FILE THE DEFAULT JUDGMENT AND THE DEFAULT JUDGMENT IS SUBJECT TO 10 PERCENT PER ANNUM AND REASONABLE ATTORNEY'S FEES IF IT HAS TO PROCEED TO COLLECTING.

Tr. 63-64.

### III. DISCUSSION

The ADA permits the "prevailing party" to seek attorneys' fees and costs. 42 U.S.C. § 12205. "The Supreme Court has held that a prevailing plaintiff under a statute so worded 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983) (citation and internal quotation marks omitted)). California Civil Code sections 52, 54.3 and 55 also authorize fees to the prevailing or successful party.

In cases where fees are authorized under federal law, district courts apply a two-step process to calculate the appropriate fee award. *See Fisher v. SJB–P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the "lodestar" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Grove v. Wells Fargo Fin. Cal., Inc.,* 606 F.3d 577, 582 (9th Cir. 2010); *Anatoninetti v. Chipotle Mexican Grill, Inc.,* 643 F.3d 1165, 1176 (9th Cir. 2010). Second, the district court may adjust the lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69–70 (9th Cir. 1975) that are not already accounted for in the initial lodestar calculation. *Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 622 (9th Cir. 1993). The *Kerr* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services

Case No.: 5:16-cv-02893-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

3

properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr,* 526 F.2d at 70. A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, it should only be enhanced or reduced in "rare and exceptional cases." *Pa. v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986) (internal quotations omitted).

### A.    Prevailing Party Status

"[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). "[A] material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Farrar*, 506 U.S. at 113. "In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do." *Fischer*, 214 F.3d at 1118.

Here, the settlement agreement requires certain architectural changes to the subject property and payments to Plaintiff. As such, the settlement agreement materially altered the legal relationship between the parties: NP Properties and the Panchals "[are] required to do something directly benefitting [Plaintiff] that they otherwise would not have had to do." *Id*. Accordingly, Plaintiff is the prevailing party under *Fischer*.

Defendant contends that Plaintiff is not the prevailing party, citing *Buckhannon Bd. and CareHome, Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598 (2001), which was decided after *Fischer*. In *Buckhannon*, petitioners requested fees as the "prevailing party" under the ADA and the Fair Housing Amendments Act of 1988 ("FHAA"). Petitioners argued that they

Case No.: 5:16-cv-02893-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
4

were entitled to fees under the "catalyst theory," whereby a party is considered a "prevailing party" so long as the party "achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct" *Id*. at 601. The Supreme Court eliminated the "catalyst theory" as a basis for the award of attorneys' fees under the ADA and the FHAA, reasoning that the Court's precedents counseled against holding that the term "prevailing party" authorizes an award of fees without a corresponding alteration in the legal relationship of the parties. *Id*. at 610. The Court specified that a judgment on the merits and "settlement agreements enforced through a consent decree" create "the material alteration of the legal relationship of the parties" necessary to permit an award of attorney's fees. *Id*. at 604. The Court opined that a legal change, rather than a voluntary change, in the relationship of the parties is required. *Id.* at 605. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.*

In *Richard S. v. Dept. of Developmental Servs. of Ca.*, 317 F.3d 1080, (9th Cir. 2003), the Ninth Circuit was asked to determine whether *Buckhannon* precluded courts from granting prevailing party status and fees and costs to plaintiffs under the ADA (and 42 U.S.C. § 1988) when they reached a settlement agreement. *Id*. at 1086. The Ninth Circuit held that *Buckhannon* did not preclude granting prevailing party status to the plaintiffs because the parties had entered into a legally enforceable settlement agreement. *Id*. The Ninth Circuit recognized that "the dictum in *Buckhannon* suggests that a plaintiff 'prevails' only when he or she receives a favorable judgment on the merits or enters into a court-supervised consent decree," but concluded that it was "not bound by that dictum," particularly when it was inconsistent with *Fischer*. The Ninth Circuit also noted that the district court's retention of jurisdiction over the attorney's fee issue provided sufficient judicial oversight to justify an award of fees. *Id*. at 1087.

In light of the Ninth Circuit's decision in *Richard*, this court concludes that *Buckhannon* does not preclude this court from granting prevailing party status to Plaintiff. NJ Properties and Plaintiff entered into a legally enforceable settlement agreement and the court retained jurisdiction

Case No.: 5:16-cv-02893-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

5

of the attorney's fee issue.

Defendant relies on an Eighth Circuit decision that is inconsistent with *Richard S*. In *Christina A. v. Bloomberg*, 315 F.3d 990 (8th Cir. 2003), the Eighth Circuit construed *Buckhannon* as precluding a fee award on a class settlement agreement because there was no enforceable judgment on the merits or a consent decree. This court is bound by the Ninth Circuit's decisions in *Barrio* and *Richard S*. In the Ninth Circuit, neither a judgment on the merits nor a court-supervised consent decree is required for prevailing party status. *Id.* (citing *Barrios*, 277 F.3d at 1134 n.5). The settlement in this case bears the necessary judicial *imprimatur* because it is legally enforceable and the court retained jurisdiction of the attorney's fee issue.

Defendant also relies on *Truesdell v. Philadelphia Hous. Auth.*, 290 F.3d 159 (3rd Cir. 2002), in opposing the motion for fees. According to Defendant, the *Truesdell* court found that under *Buckhannon*, a stipulated settlement agreement that did not admit liability would not entitle to plaintiff to prevailing party fees. Defendant misreads *Truesdell* as *Truesdell* supports Plaintiff's request for fees. In *Truesdell*, the Third Circuit held that plaintiff was the prevailing party and remanded the action with instructions to award fees. The Third Circuit reasoned that the stipulated settlement "did not bear the characteristics of a stipulated settlement" because it was memorialized in a court order that contained mandatory language and gave plaintiff the right to request judicial enforcement of the settlement. *Id.* at 165. The court accordingly concluded that the court order was a "proper vehicle" for rendering plaintiff the prevailing party. *Id*. Like the court order in *Truesdell*, the settlement in this case gives Plaintiff the right to seek judicial enforcement.

**B. Calculating Reasonable Fees**

Having found that Plaintiff is the prevailing party, the court must next calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Grove v. Wells Fargo Fin. Cal., Inc.,* 606 F.3d 577, 582 (9th Cir. 2010)

**i. Hourly Rates**

Plaintiff bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, n.11 (1984). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) Courts also may rely on decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience. *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1277-78 (N.D. Cal. 2014) (citing *Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009)). As a general rule, the forum district represents the relevant legal community. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

Plaintiff requests a rate of $750 for attorney Thomas E. Frankovich ("Frankovich"), who has over forty years of experience, including twenty-five years in disability access litigation. Decl. of Frankovich In Support of Plaintiff's Motion for Attorney Fees, Costs, and Litigation Expenses ("Decl. of Frankovich") ¶¶ 11, 57, 59, 66 (Dkt. No. 125). Plaintiff requests a rate of $350 for attorney Amanda Lockhart ("Lockhart"), who has approximately five years of experience in disability access litigation. Decl. of Frankovich ¶¶ 31-33.

Plaintiff's requested hourly rates are supported by the declarations of ADA practitioners in the San Francisco Bay Area. *See* e.g. Decl. of Jason G. Gong ¶ 12; Decl. of Timothy S. Thimesch ¶ 8; Decl. of Michael Welch ¶ 7. There is also judicial precedent in the Northern District of California for the requested rates. *See e.g. Martin v. Diva Hosp. Grp. Inc.*, No. 16-4103 EDL, 2018 WL 6710705, at *2 (N.D. Cal. Dec. 7, 2018) (approving request for rates of $700 and $795); *Nat'l Fed'n of the Blind v. Target Corp.*, No. 06-1802 MHP, 2009 WL 2390261 (N.D. Cal. Aug. 3, 2009) (approving request for rates of $700 and $625). Nevertheless, the higher of the two requested rates, $750/hour, is the exception, not the norm, among ADA litigators in this district.

Case No.: 5:16-cv-02893-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

7

*See, e.g.*, *Rodgers v. Claim Jumper Rest., LLC*, No. 13-5496 YGR, 2015 WL 1886708, at *4 (N.D. Cal. Apr. 24, 2015) (hourly rate of $525/hour reasonable for attorney with 20 years of experience, eight of which almost entirely devoted to ADA claims); *Fortson v. Marriott Int'l, Inc.*, No. 11-01454 LB, 2013 WL 1832411, at *5 (N.D. Cal. May 1, 2013) (hourly rates of $450 reasonable for two attorneys with 12 and 14 years of experience); *Armstrong v. Brown*, 805 F. Supp. 2d 918, 920-22 (N.D. Cal. 2011) (hourly rates of $490-$560 reasonable for attorneys with 14 years of experience or less); *Rodriguez v. Barrita*, 53 F. Supp. 3d 1268, 1279 (N.D. Cal. 2014) (hourly rate of $450 reasonable for attorney with 13 years of experience); *Californians for Disability Rights v. Cal. Dep't of Transp.*, No. 06-05125 SBA MEJ, 2010 WL 8746910, at *3 (N.D. Cal. Dec. 13, 2010) (hourly rates of $570 and $650 reasonable for attorneys with 10 to 18 years of experience). The court recognizes that Frankovich's experience and expertise in ADA access litigation is significant. Frankovich is a litigator, author, lecturer, and legal commentator. The market rate for legal services, however, does not necessarily rise in direct relation to an attorney's skill and experience. Nevertheless, the court recognizes that the market rates for legal services in general have increased in the past several years according to the Laffey Matrix. Decl. of Frankovich Ex. O. In 2017, Frankovich was awarded fees at the rate of $500 in this district. *See Chapman v. Schellville Grill*, No. 16-7324 at Dkt. No. 21; *Chapman v. Stardust Motel, LLC dba Econo Lodge*, No. 16-2942 NC at Dkt. No. 32. To account for inflation, the court finds that a reasonable rate for Frankovich in this case, which was initiated in 2016, is $600.

### ii. Reasonable Hours

Defendants have the burden to rebut the fee request and to demonstrate any substantial indication that the hours billed were "excessive, redundant, or otherwise unnecessary ..." *Blackwell v. Foley*, No. 08-1971 MHP, 724 F. Supp. 2d 1068, 1079 (N.D. Cal. July 15, 2010) (citing *Hensley*, 461 U.S. at 434). Here, Defendant contends that Plaintiff's fee request is unreasonably high, but does not raise a challenge to any specific entry. Based upon the court's independent review of Plaintiff's records, the court finds that Plaintiff is not entitled to all of the

Case No.: 5:16-cv-02893-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

8

hours claimed.

### a. Settlement with Mundos Defendants

Prior to settling with NJ Properties and the Panchals, Plaintiff settled with co-defendants Eli and Fernando Mundo, individually and doing business as Mundos Cafe ("Mundos") for $15,000 based on damages sought by Plaintiff, litigation costs and expenses incurred in the case, and attorney's fees attributable to the Mundos. Decl. of Frankovich ¶ 11 (Dkt. No. 77-1). Defendant contends that this settlement must be taken into account so that Plaintiff does not receive a double recovery of fees and costs.

In Plaintiff's Motion For Good Faith Settlement Determination, Plaintiff represented that the Mundos' total potential liability was $19,745. Decl. of Frankovich Ex. A In Support of Motion For Good Faith Settlement Determination (Dkt. No. 77-4). This figure included $11,645 in attorney's fees. *Id*. It is reasonable to assume therefore, that the $15,000 settlement included a compromise of the $11,645 in fees.

Plaintiff's present motion for fees includes hours for which Plaintiff already sought and received compensation through the Mundos settlement. *See* Decl. of Frankovich Ex. A In Support of Motion For Good Faith Settlement Determination (Dkt. No. 77-4) and Decl. of Frankovich Ex. D (Dkt. No. 129). Plaintiff is not entitled to a double recovery of fees. *See e.g. Bravo v. City of Santa Maria*, 810 F.3d 659, 668 (9th Cir. 2016) (holding that settling plaintiff was not entitled to double recovery of costs); *see also Corder v. Brown*, 25 F.3d 833, 839 (9th Cir. 1994) (holding that district court abused its discretion in awarding plaintiffs full attorney's fees without offsetting the award by the amount paid by settling defendants). Therefore, the court will deduct all of the hours associated with the $11,645 in fees that were the subject of the Motion For Good Faith Settlement Determination.

### b. Hours Spent on Jury Instructions

According to Plaintiff's records, counsel spent 58 hours drafting jury instruction. Plaintiff's proposed jury instructions consisted substantially of Ninth Circuit Model Jury

United States District Court
Northern District of California

1  Instructions and California Civil Jury Instructions. *See* Dkt. No. 101. Other proposed jury
2  instructions were based upon readily accessible and reliable sources such as the United States
3  Code, the ADA Standards, the Code of Federal Regulation, the ADA Standards and the California
4  Civil Code. *See* Dkt. Nos. 102, 104. The case did not require drafting original jury instructions.
5  Therefore, the requested 58 hours for drafting jury instructions is unreasonable. The court will
6  reduce the hours spent on drafting jury instructions by fifty percent.

### c. Hours for Attorney's Fees Motion

According to Plaintiff's records, counsel spent 62.7 hours on Plaintiff's motion for fees and costs. "Fees associated with the pursuit of a plaintiff's fees motion are recoverable." *Dytch v. Maxaco, LLC*, No. 17-438 SI, 2019 WL 1934879, at *4 (N.D. Cal. May 1, 2019) (citing *McGrath v. Cty. of Nev.*, 67 F.3d 248, 253 (9th Cir. 1995). The court finds the requested hours are excessive. Plaintiff's motion is thoroughly briefed and supported by detailed declarations, which benefits the court. The case, however, was relatively short and uncomplicated, and the motion should likewise have been short and uncomplicated. "[S]imply because Plaintiff took it upon himself to purchase a BMW does not mean that Defendants must pay for it; the law only contemplates a Ford. *Trujillo v. Orozco*, No. 17-566 EJD, 2018 WL 1142311, at *7 (N.D. Cal. March 2, 2018). Moreover, some of the material submitted with the instant motion was already prepared and assembled for the earlier Motion For Good Faith Settlement Determination. Accordingly, the court will reduce the hours expended for the attorney's fee motion by sixty percent.

### iii. Summary

In sum, the court finds that Plaintiff is entitled to reasonable fees calculated as follows:

|  | Frankovich | Lockhart |
|---|---|---|
| Fees Sought | $98,700.00 | $15,190.00 |
| Deductions for Mundos Settlement | -$5,675.00 | -$5,970.00 |
| Subtotal | $93,025 | $9,220 |

Case No.: 5:16-cv-02893-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

10

| | | |
|---|---|---|
| Reduction for hourly rate of $600, not $750 | -$19,740 | 0 |
| Reduction for Jury Instructions (29 hours) | -$17,400 | 0 |
| Reduction for Fee Application (37.6 hours) | -$22,560 | 0 |
| Totals | $33,325 | $9,220 |

Further adjustments based on the *Kerr* factors are not warranted.

### C. Litigation Expenses

Plaintiff incurred $3,435.92 in litigation expenses, which included the cost of an expert, photocopying, scanning and outside copying, a one-night hotel stay, and mileage. The Mundos settlement resolved any right Plaintiff had to seek reimbursement for half the cost of the expert, $1,387.50. Decl. of Frankovich ¶35 (Dkt. No. 77-1). This amount must be deducted from the total litigation expenses to prevent a windfall. Plaintiff is awarded $2,048.42 in litigation expenses.

### D. Litigation Costs

Plaintiff incurred $619.50 in filing fee and service costs. The Mundos settlement resolved any right Plaintiff had to seek reimbursement for half of the filing fee ($200). This amount must be deducted from the total litigation costs. Plaintiff is awarded $419.50 in litigation costs.

## IV. CONCLUSION

Plaintiff's motion for fees and costs is GRANTED in part and DENIED in part. Plaintiff is awarded $42,545 in reasonable attorney's fees, $2,048.42 for litigation expenses, and $419.50 for litigation costs. Pursuant to the settlement, Plaintiff shall file a dismissal forthwith.

**IT IS SO ORDERED.**

Dated: August 7, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-02893-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS
11